1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10  JOHN CORTES,

11                                Plaintiff,

12      vs.

13  LIGHTHOUSE RECOVERY
    ASSOCIATES, LLC,
14
15                               Defendant.

CASE NO. 13cv674-MMA (BLM)

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

[Doc. No. 8]

16

17        Plaintiff John Cortes filed this action against Defendant Lighthouse Recovery

18  Associates, LLC for violations of California's Invasion of Privacy Act.  Doc. No. 1.

19  Plaintiff now moves the Court for default judgment.  The Court, in its discretion,

20  found the matter suitable for determination on the papers and without oral argument

21  pursuant to Local Rule 7.1(d)(1).  For the reasons stated below, the Court **GRANTS**

22  Plaintiff's motion for default judgment.

23                                **BACKGROUND**

24        Plaintiff, an individual, is a California resident.  Doc. No. 1 ¶ 3.  Defendant is

25  a Colorado corporation with its principal place of business in Colorado.[1]  *Id.*  In the

26
27        [1] The Complaint alleges that Defendant is both a California and Colorado
28  corporation.  *See* Compl. ¶¶ 3, 6.  Lighthouse Recovery Associates, LLC is registered
    with the California Secretary of State and states its entity address as Denver, Colorado.
    Additionally, Defendant is registered with the Colorado Secretary of State as a

Complaint, Plaintiff alleges that on March 12, 2013, Defendant called Plaintiff to inquire about a client that Plaintiff's company represented regarding a debt. *Id.* ¶ 10. During the conversation, Plaintiff discussed his client's personal financial information. *Id.* After divulging this information, Plaintiff asked whether Defendant was recording the conversation. Only then did Defendant inform Plaintiff that it was in fact recording the conversation. Plaintiff asserts that he neither knew of the recording nor consented to it. Plaintiff contends that he discussed highly confidential, financial information that he had not openly discussed with others. *Id.* ¶ 11. Plaintiff also alleges that he had no reasonable expectation that Defendant would be recording the conversation due to the private subject matter. *Id.* ¶ 12.

On March 21, 2013, Plaintiff filed this action against Defendant, alleging a violation of California Penal Code section 632.[2]

On April 18, 2013, Plaintiff filed a summons returned executed, indicating that Defendant had been served on April 2, 2013. Doc. No. 4. To date, Defendant has not appeared in the case.

On October 22, 2013, the Court set a dismissal hearing for want of prosecution pursuant to Local Rule 41.1. Doc. No. 5.

Plaintiff then moved the Clerk of Court for entry of default as to Defendant pursuant to Federal Rule of Civil Procedure 55(a). Doc. No. 6. The Clerk entered default against Defendant on October 30, 2013. Doc. No. 7.

---

Colorado corporation with its principal office in Denver, Colorado. As such, the Court is satisfied that Defendant is a Colorado corporation.

[2] The complaint includes class allegations in addition to the factual allegations that provide the basis for Plaintiff's individual claim. However, Plaintiff has not moved for default judgment as to his class action allegations, nor would default judgment on those claims be appropriate. *See, e.g., Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 340 (4th Cir. 2006) ("Federal courts may only adjudicate the rights of putative class members upon certification of that class under Federal Rule of Civil Procedure 23."); *Davis v. Hutchins*, 321 F.3d 641, 648–49 (7th Cir. 2003) ("There is the general principle that factual allegations in the complaint are deemed admitted by the defendant upon default; however, application of that general principle does not solve the class-certification issue. Rule 23(c) imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions.").

1    Plaintiff now moves the Court for entry of default judgment on his individual

2  claim only pursuant to Federal Rule of Civil Procedure 55(b)(2).  Plaintiff seeks

3  $5,000 in statutory damages.[3]

4                                    LEGAL STANDARD

5    If a defendant fails to defend an action in a timely manner, a plaintiff may

6  move the Court for entry of default judgment.  *See* Fed. R. Civ. P. 55(b)(2).

7  Although default judgments are generally disfavored, *Eitel v. McCool*, 782 F.2d

8  1470, 1472 (9th Cir. 1986), district courts have discretion to enter a default

9  judgment.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (per curiam).

10  The Ninth Circuit has enumerated various factors for district courts to consider when

11  deciding whether to enter default judgment:

12

13    (1)    the possibility of prejudice to the plaintiff,
       (2)    the merits of plaintiff's substantive claim,
       (3)    the sufficiency of the complaint,
14    (4)    the sum of money at stake in the action,
       (5)    the possibility of a dispute concerning material facts,
15    (6)    whether the default was due to excusable neglect, and
       (7)    the strong policy underlying the Federal Rules of Civil
16           Procedure favoring decisions on the merits.

17  *Eitel*, 782 F.2d at 1471–72.

18    Upon entry of default, the court deems the factual allegation in the complaint

19  regarding liability as true.  *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th

20  Cir. 2002); *see also J & J Sports Prod., Inc. v. Ramos*, No. 11-CV-489, 2012 WL

21  4575338, at *3 (S.D. Cal. Oct. 2, 2012).  A court may enter a default judgment

22  without a hearing where the amount of damages claimed is a liquidated sum or

23  capable of mathematical calculation.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th

24  Cir. 1981).

25  //

26                                       DISCUSSION

27  ────────────────

28    [3]  Plaintiff also seeks costs in the amount of $485.00.  Plaintiff, however, must seek to recover costs as set forth in Federal Rule of Civil Procedure 54(d) and Civil Local Rule 54.1.  Accordingly, the Court declines to award costs as this time.

Here, the *Eitel* factors favor entry of default judgment.  First, if the Court declines to enter default judgment, Plaintiff will likely be without other recourse for recovery.  *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  As such, Plaintiff will likely suffer prejudice absent entry of default judgment.  This factor favors granting default judgment.

The next two factors—the merits of Plaintiff's substantive claim and sufficiency of the complaint—also support entry of default judgment.  Plaintiff alleges a violation of California Penal Code section 632, which prohibits a person from recording a confidential communication without the consent of all parties.  Cal. Pen. Code § 632(a).  Here, Plaintiff alleges that without Plaintiff's knowledge or consent, Defendant recorded a phone conversation with Plaintiff in which Plaintiff was discussing his client's personal financial information, which Plaintiff had not discussed with others.  Courts have recognized that a conversation regarding private, financial information may constitute a confidential communication under the statute.  *See*, *e.g.*, *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1020, n.2 (9th Cir. 2013) (recognizing a confidential communication where "a caller might be asked to verify his identity by confirming his social security number or his unlisted telephone number, or to disclose other private or potentially private information"); *Bales v. Sierra Trading Post, Inc.*, No. 13cv1894 JM KSC, 2013 WL 6244529, at *3 (S.D. Cal. Dec. 3, 2013) ("The disclosure of personal financial information is sufficient to establish a confidential communication for purposes of § 632.").  Accordingly, Plaintiff's complaint and substantive claim both support granting default judgment.

Fourth, the sum of money at stake also supports entry of default judgment.  Pursuant to California Penal Code section 637.2(a), a plaintiff may recover damages for a violation of the Invasion of Privacy Act totaling the greater of either $5,000 or three times the amount of actual damages.  Cal. Pen. Code § 637.2(a).  Here, Plaintiff moves for entry of default judgment as to his individual claim only.  As such, he seeks statutory damages of $5,000, which is the minimum award of

1    damages for a section 632 violation.  *See Ion Equip. Corp. v. Nelson*, 110 Cal. App.

2    3d 868, 882, 168 Cal. Rptr. 361, 368 (1980); *Flanagan v. Flanagan*, 27 Cal. 4th 766,

3    776, 41 P.3d 575, 582 (2002).  As such, this factor also favors granting default

4    judgment.

5         Fifth, the possibility of a dispute as to material facts is unlikely because

6    Defendant has not defended itself in the case, and there is no indication that it

7    intends to do so.  *See Moroccanoil, Inc. v. Allstate Beauty Products, Inc.*, 847 F.

8    Supp. 2d 1197, 1202 (C.D. Cal. 2012).  Moreover, upon the Clerk's entry of default,

9    the Court deems all well-pleaded facts in the complaint regarding liability as true.

10   *See PepsiCo*, 238 F. Supp. 2d at 1177.  Therefore, the possibility of dispute as to any

11   material facts in this case is remote.  This factor also favors granting default

12   judgement.

13        Sixth, Defendant's default does not appear to be a result of excusable neglect.

14   Defendant appears to have been properly served with the summons and complaint on

15   April 2, 2013.  *See* Doc. No. 4.  Defendant also appears to have been properly served

16   with Plaintiff's motion for default judgment.  *See* Doc. No. 8-3.  To date, Defendant

17   has not appeared in this action.  Accordingly, this factor favors default judgment.

18        Finally, the Court must consider the strong policy of favoring decisions on the

19   merits.  Although "[c]ases should be decided upon their merits whenever reasonably

20   possible," *Eitel*, 782 F.2d at 1472, "a decision on the merits is impractical, if not

21   impossible, when the defendant takes no part in the action." *Moroccanoil*, 847 F.

22   Supp. 2d at 1203.  Thus, while a decision on the merits may be preferable,

23   Defendant has not appeared in the case and has thus prevented a decision on the

24   merits of Plaintiff's claim.  This factor therefore does not preclude granting default

25   judgment against Defendant.  *See PepsiCo*, 238 F. Supp. 2d at 1177.

26        The Court finds that the balance of *Eitel* factors weigh in favor entry of

27   default judgment.  As to the amount of damages, Plaintiff has not sought actual

28   damages but instead statutory damages in the amount of $5,000.  Because Plaintiff

seeks statutory damages, a hearing on damages is not required. *See Davis*, 650 F.2d at 1161. Further, as explained above, because section 637.2 provides for the greater of $5,000 or three times the amount of actual damages, if any, statutory damages of $5,000 is the minimum amount of damages for a violation. *See Ion Equip. Corp*, 110 Cal. App. 3d at 882; *Flanagan*, 27 Cal. 4th at 776. As such, the Court awards Plaintiff $5,000 in statutory damages.

<u>CONCLUSION</u>

Based on the foregoing, the Court **GRANTS** Plaintiff's motion for default judgment and **AWARDS** a total of $5,000 in statutory damages to Plaintiff.

The Clerk shall enter judgment and close the case.

**IT IS SO ORDERED.**

DATED: January 8, 2014

Hon. Michael M. Anello
United States District Judge